

## NUMBER 13-20-00501-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

**STEVEN WAYNE LANDRUM,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

On appeal from the 36th District Court
of Aransas County, Texas.

---

## ORDER

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Order Per Curiam**

This cause is before the Court on appellate counsel's *Anders*[1] brief and motion to withdraw as counsel. Pursuant to *Kelly v. State*, appellate counsel has informed the Court that she notified appellant of her filing of the *Anders* brief and motion to withdraw. *See*

---

[1] *See Anders v. California*, 386 U.S. 738, 744 (1967).

*Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). In addition, appellate counsel stated that she sent a copy of the record directly to appellant. *See id.* at 320 n.22 (recognizing that appellate counsel sometimes *sua sponte* send the record to the appellant). The record in this case includes two volumes of the reporter's record, the clerk's record, the first supplemental clerk's record, Exhibit V3, and State's exhibit A, which is a video.

In *Kelly*, the Texas Court of Criminal Appeals held that appellate counsel must "assist the appellant in filing a motion in the court of appeals for access to the appellate record if that is indeed what the appellant wants," and that "[o]nce such a motion is filed, the court of appeals has the ultimate responsibility to make sure that, one way or another . . . the appellant is granted access to the appellate record so that he may file his response. . . ." *Id.* at 315. The *Kelly* court noted that sometimes however "when the appellate record is not voluminous, appellate counsel will *sua sponte* send a copy of the appellate record to the appellant along with the *Anders* brief and motion to withdraw." In that case, the *Kelly* court stated that "the court of appeals could then simply issue an order requiring the appellant to file his response to the *Anders* brief by a date certain." *Id.* at 320 n.22.

Here, appellate counsel has *sua sponte* provided the record to appellant along with the *Anders* brief and motion to withdraw. Accordingly, it is hereby ORDERED that appellant shall have thirty (30) days from the date of this order to file his *pro se* response to the *Anders* brief with this Court if he so chooses. *See Id.* The State shall have twenty

2

days thereafter to file its response, if any.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
21st day of May, 2021.